**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

U.S. BANK NATIONAL ASSOCIATION
As Trustee, Successor in Interest on behalf of
Bank of America, National Association            Case No. 1:19-cv-80
on behalf of LaSalle Bank National Association
on behalf of Merrill Lynch Mortgage Investors Trust,
Mortgage Loan Asset-Backed Certificates Series 2006-HE6

       Plaintiff,
                                                               Black, J.
       v.                                                       Bowman, M.J.

M. ELIZABETH MERUSI, et al.,

       Defendants.

**REPORT AND RECOMMENDATION**

A single *pro se* Defendant, Scott Merusi, has attempted to remove the above captioned case to this Court.[1] Pursuant to local practice, this case has been referred to the undersigned magistrate judge for initial consideration and pretrial proceedings, including a Report and Recommendation on any dispositive motions. *See* 28 U.S.C. §636(b).

**I. Background**

State court records reflect that this foreclosure case was filed by the Plaintiff U.S. Bank National Association (hereinafter "Bank") in the Hamilton County Court of Common Pleas, as Case No. A 1602212, on April 15, 2016. The state court granted default judgment to the Bank and a decree in foreclosure on August 16, 2016. Although none of the identified defendants appealed that judgment, state court proceedings were

---

[1]The remaining Defendants have not consented to removal.

thereafter delayed for other reasons, including the filing of a bankruptcy proceeding by Mr. Merusi. On December 12, 2018, a Notice of Relief from Stay was filed, reflecting that the bankruptcy proceeding of Mr. Merusi was dismissed on October 2, 2018. Accordingly, a Notice of Sheriff's Sale was most recently entered by the state court on January 11, 2019, providing Notice that a sale of the foreclosed property has been scheduled for February 7, 2019.

Removal to this Court by the *pro se* Defendant Scott Merusi appears to have been improperly attempted for the sole purpose of preventing the foreclosure sale from proceeding. In addition to filing a document labeled as a Notice of Removal, Mr. Merusi has filed a motion seeking a temporary restraining order to prevent the Sheriff's sale from proceeding.

**II.     Analysis**

The undersigned takes judicial notice of the fact that Mr. Merusi recently filed a *virtually identical* case in this Court concerning the same matter, *U.S. Bank, N.A. v. Merusi*, Case No. 1:18-cv-485, which was assigned to United States District Judge Black and United States Magistrate Judge Litkovitz.[2] In the prior case, Mr. Merusi was granted leave to proceed *in forma pauperis.* In Case No. 1:18-cv-485, Magistrate Judge Litkovitz determined that the case had been improperly removed from state court, because this federal court lacks jurisdiction notwithstanding Mr. Merusi's assertions of both federal question and/or diversity jurisdiction. The Court's prior analysis is equally applicable to

---

[2]The Notice of Removal filed in the prior case is nearly *verbatim* to the Notice of Removal filed in this case, complete with identical citations to myriad cases and statutes. In one of the few differences, Mr. Merusi attached numerous exhibits from the state court proceedings to the prior Notice of Removal.

Mr. Merusi's latest attempt to remove his case to this Court:

> Mr. Merusi appears to contend that U.S. Bank National Association violated his rights under the United States Constitution and the Fair Debt Collection Practices Act in connection with the state court foreclosure proceeding. However, even if Mr. Merusi asserts a federal defense to the state court foreclosure action, the existence of a defense based upon federal law is insufficient to support removal jurisdiction. Franchise Tax Board, 463 U.S. at 8-12; Chase Manhattan Mortgage Corp., 507 F.3d at 914-15. Therefore, Mr. Merusi has failed to meet his burden of showing federal question in this matter.
>
> In addition, Mr. Merusi may not remove the state court action based on the Court's diversity jurisdiction under 28 U.S.C. § 1332. Removal based on diversity of citizenship is proper only where the defendants are not citizens of the forum state.

(Case No. 1:18-cv485, Doc. 5, Report and Recommendation). Based upon a clear lack of federal jurisdiction, Judge Litkovitz recommended that the case be remanded to state court, and recommended further that the Court certify that any appeal could not be taken in good faith. (*Id.*). Mr. Merusi did not object to the Report and Recommendation, and it was adopted as the decision of this Court on November 21, 2018. (Doc. 8). Mr. Merusi did not appeal.

Instead, two months after his improperly removed case was previously remanded to state court, Mr. Merusi simply filed a new "Notice of Removal" to initiate this new case. The January 30, 2019 Notice does not acknowledge Mr. Merusi's prior duplicative case. And Mr. Merusi is no longer proceeding as a pauper but has paid the requisite $400.00 filing fee. Nevertheless, the reasons for the prior order of remand to state court apply with equal force and are unchanged by any of the arguments or assertions presented in the Defendant's patently frivolous and entirely repetitious "Notice of Removal" or motion for temporary restraining order. Rather than repeating this Court's prior analysis in full,

the undersigned hereby incorporates, as if fully restated, the Court's prior decision directing remand in Case No. 1:18-cv-485.

In addition to the reasons previously stated by this Court in Case No. 1:18-cv-485, the undersigned notes that remand to state court is also required due to: (1) the absence of all Defendants who were served in state court; (2) failure of Defendants' "Notice" to comply with 28 U.S.C. §1446(a); (3) the untimeliness of removal under 28 U.S.C. § 1446(b); (4) a lack of any federal subject matter jurisdiction despite Defendants' citation to a dizzying array of federal laws, statutes, and regulations; and (5) application of the *Rooker-Feldman* doctrine. For extensive analysis of these additional bases for remand, the undersigned directs the parties to *Deutsche Bank Nat'l Trust Co. v. Wolf*, Case No. 1:15-cv-814, 2016 WL 1658775 (S.D. Ohio February 5, 2016) (Report and Recommendation adopted in part on 04/26/16).

Last but not least, and despite his *pro se* status, the undersigned finds Mr. Merusi's conduct in filing a second frivolous Notice of Removal to be sanctionable. In the *Wolf* case, two *pro se* defendants engaged in similar conduct. At the request of the Plaintiff bank in that case, this Court ultimately imposed a $1,200.00 monetary sanction against the two individual defendants based upon their improper removal:

> It is abundantly clear that the Wolf Defendants improperly removed this state foreclosure action without any objectively reasonable basis for doing so. The sole purpose of removal appears to have been to delay or negate the foreclosure state court proceedings. The Wolf Defendants do not proceed *in forma pauperis* in this case, having paid the requisite $400.00 filing fee. In any event, neither a litigant's *pro se* status nor *in forma pauperis* status will preclude the imposition of fees under 28 U.S.C. §1447(c) in a case like this one.

*Id.; see also Deutsche Bank v. Wolf*, 2016 WL 4449563 (S.D. Ohio Aug 24, 2016) (Black,

4

J., decision and entry adopting second recommendation for imposition of monetary sanction based upon pro se defendants repeating "the same meritless claims concerning subject matter jurisdiction that were already rejected by this Court").

Many published and unpublished cases favor the imposition of a monetary sanction against even *pro se* defendants under circumstances like those presented in this case. *See*, *e.g., Chase Manhattan Mortg. Corp.*, 910 F.2d 910 (6th Cir. 2007) (imposing costs and fees in the amount of $6513.16 despite grant of in forma *pauperis* status in federal court, and fact defendants had filed for bankruptcy); *3W International, Inc. v. Scottdel, Inc.*, 722 F. Supp.2d 934 (N.D. Ohio 2010) (awarding fees where attorney had no improper purpose and believed in good faith that removal was proper, because removal was still objectively unreasonable); *Countrywide Home Loans, Inc. v. Bartmasser*, Case No. 2:08-cv-805, 2009 WL 4678840 (S.D. Ohio Oct. 22, 2008) (directing plaintiff to file a motion for fees accompanied by an itemized accounting of fees and costs incurred in connection with the motion of remand, in light of lack of "objectively reasonable basis" and "clear prohibition" of removal of mortgage foreclosure case); *Federal Nat. Mortg. Ass'n v. Jaa*, 2014 WL 1910898 at *9 (W.D. Tenn. May 13, 2014) (awarding reasonable attorney's fees against *pro se* defendant proceeding *in forma pauperis* who improperly removed foreclosure-related case, noting that "[t]he court can only surmise that [defendant's] removal is intended to delay the state court proceedings."); *PNC Bank, N.A. v. Spencer*, 763 F.3d 650 (7th Cir. 2014) (affirming award of costs and attorney fees to mortgagee for improper removal of mortgagee's foreclosure action, including expense of defending that award on appeal).

None of the cited cases <u>require</u> the imposition of costs and fees in this case. And the undersigned understands that it remains within the discretion of the district judge to adopt or decline the recommendation to impose costs and fees. However, because the Defendant has filed a second virtually identical improper removal action barely more than two months after this Court dismissed his first improperly removed case, and apparently has sufficient funds that he could afford the full filing fee, his conduct qualifies as contumacious. In short, Mr. Merusi's Notice of Removal and motion for TRO are so clearly without merit that the undersigned *sua sponte* recommends the imposition of a monetary sanction in the amount of $500.00. If the presiding district judge declines to impose a monetary sanction at this time, the undersigned alternatively recommends that Mr. Merusi be warned that this Court will impose a monetary sanction should he file any additional removal notices relating to this matter.

**III.  Conclusion and Recommendation**

Accordingly, for these reasons, it is therefore **RECOMMENDED:**

1.  This case immediately should be **REMANDED** to state court as improperly removed;

2.  Defendant's motion for a temporary restraining order and for injunctive relief (Doc. 3) should be DENIED for want of jurisdiction to the extent that Mr. Merusi seeks relief specifically from this federal Court;

3. Mr. Merusi should be directed to pay to the Clerk of this Court a monetary sanction in the amount of $500.00 based upon his contumacious conduct in filing a duplicative and patently frivolous Notice of Removal. <u>In the alternative</u>, Mr. Merusi

should be advised that a monetary sanction not less than $500.00 will be imposed should he file any additional removal notices relating to this state foreclosure action.

                                              *s/ Stephanie K. Bowman*
                                              Stephanie K. Bowman
                                              United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

U.S. BANK NATIONAL ASSOCIATION
As Trustee, Successor in Interest on behalf of
Bank of America, National Association                  Case No. 1:19-cv-80
on behalf of LaSalle Bank National Association
on behalf of Merrill Lynch Mortgage Investors Trust,
Mortgage Loan Asset-Backed Certificates Series 2006-HE6

    Plaintiff,

                                                  Black, J.
        v.                                          Bowman, M.J.

M. ELIZABETH MERUSI, et al.,

    Defendants.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).